IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULLSEND, INC.,<br>   Plaintiff,<br><br>  v.<br><br>CANNAFELLAS GROUP, INC.,<br>KASHICBD INC., SCOTT CICERONE,<br>and GIACOMO PAMPINELLA,<br>   Defendants. | CIVIL ACTION NO.:<br>1:22-cv-3741<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff FullSend, Inc. (hereinafter "FullSend" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint against Cannafellas Group, Inc., KashiCBD Inc., Scott Cicerone, and Giacomo Pampinella (hereinafter collectively "Defendants"), on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. FullSend brings this action based on Defendants' trademark infringement, unfair competition and passing off, as well as related claims, arising under the Lanham Act, 15 U.S.C. §§ 1052 and 1125, *et seq.,* deceptive trade practices under New York General Business Law § 349 and New York General Business Law § 368(d), for unfair competition, tortious interference with contract, and with prospective economic advantage by Defendant, as well as related claims under the statutory and common laws of the State of New York.

## PARTIES

2. FullSend is an Oregon corporation with a principal place of business at 331 Dante Court, Suite H, Holbrook NY 11741. FullSend specializes in CBD products, focusing on CBD gummy candies.

3. As detailed in the following Paragraphs, multiple defendants are acting in concert as part of a coordinated scheme to sell products infringing on FullSend's trademarks without authorization through multiple storefronts and trade channels. All of the defendants are acting in concert and are jointly responsible for the conduct complained of herein.

4. Upon information and belief, Defendant KashiCBD Inc. ("Kashi CBD") is a New York corporation with a principal place of business in Babylon, New York. The only corporate document that Kashi CBD Inc. has filed with the New York Secretary of State is a certificate of incorporation, and that certificate lists 65 Deer Park Ave, Babylon, NY, 11702 as the business address to which service of process should be directed. A storefront for a business bearing the name Kashi CBD is located at this address.

5. Upon information and belief, Defendant Cannafellas Group, Inc. ("Cannafellas Group") is a New York corporation with a principal place of business in Babylon, New York. The only corporate document that Cannafellas Group has filed with the New York Secretary of State is a certificate of incorporation, and that certificate lists 65 Deer Park Ave, Babylon, NY, 11702 as the business address to which service of process should be directed. This is the same address of the storefront of the business bearing the name Kashi CBD.

6. Upon information and belief, Defendant Scott Cicerone ("Cicerone") is a natural person who is a resident of the state of New York. Cicerone has a primary place of business at 65 Deer Park Ave, Babylon, NY, 11702.

7. Upon information and belief, Cicerone is an owner of Kashi CBD and Cannafellas Group and has publicly referred to himself as the founder of Kashi CBD stores and CEO of Cannafellas.com CBD products.

8. Upon information and belief, Defendant Giacomo Pampinella ("Pampinella") is an individual and a resident of the state of New York and resides at 5 Croydon Ct., Dix Hills, NY, 11746.

9. Upon information and belief Pampinella is an owner of Kashi CBD and of Cannafellas Group.

10. Upon information and belief, Cicerone is in control of, a principal of, and responsible for Kashi CBD and its actions.

11. Fullsend asserts claims against Cicerone in both his individual capacity as well as his capacity as a corporate officer of Kashi CBD.

12. Alternatively, upon information and belief, Cicerone directs, controls, ratifies, participates in, or is the moving force behind the sales of infringing products sold by Kashi CBD. Accordingly, Cicerone is personally liable for infringing activities of Kashi CBD without regard to piercing the corporate veil.

13. Alternatively, upon information and belief, Kashi CBD follows so few corporate formalities and is so dominated by Cicerone that it is merely an alter ego of Cicerone. Accordingly, FullSend is entitled to pierce the corporate veil of Kashi CBD and hold Cicerone personally liable for the infringing activities of Kashi CBD.

14. Upon information and belief, Cicerone is in control of, a principal of, and responsible for Cannafellas Group and its actions.

15. Fullsend asserts claims against Cicerone in both his individual capacity as well as his capacity as a corporate officer of Cannafellas Group.

16. Alternatively, upon information and belief, Cicerone directs, controls, ratifies, participates in, or is the moving force behind the sales of infringing products sold by Cannafellas Group. Accordingly, Cicerone is personally liable for infringing activities of Cannafellas Group without regard to piercing the corporate veil.

17. Alternatively, upon information and belief, Cannafellas Group follows so few corporate formalities and is so dominated by Cicerone that it is merely an alter ego of Cicerone. Accordingly, FullSend is entitled to pierce the corporate veil of Cannafellas Group and hold Cicerone personally liable for the infringing activities of Cannafellas Group.

18. Upon information and belief, Pampinella is in control of, a principal of, and responsible for Kashi CBD and its actions.

19. Fullsend asserts claims against Pampinella in both his individual capacity as well as his capacity as a corporate officer of Kashi CBD.

20. Alternatively, upon information and belief, Pampinella directs, controls, ratifies, participates in, or is the moving force behind the sales of infringing products sold by Kashi CBD. Accordingly, Pampinella is personally liable for infringing activities of Kashi CBD without regard to piercing the corporate veil.

21. Alternatively, upon information and belief, Kashi CBD follows so few corporate formalities and is so dominated by Pampinella that it is merely an alter ego of Pampinella. Accordingly, FullSend is entitled to pierce the corporate veil of Kashi CBD and hold Pampinella personally liable for the infringing activities of Kashi CBD.

22.	Upon information and belief, Pampinella is in control of, a principal of, and responsible for Cannafellas Group and its actions.

23.	Fullsend asserts claims against Pampinella in both his individual capacity as well as his capacity as a corporate officer of Cannafellas Group.

24.	Alternatively, upon information and belief, Pampinella directs, controls, ratifies, participates in, or is the moving force behind the sales of infringing products sold by Cannafellas Group. Accordingly, Pampinella is personally liable for infringing activities of Cannafellas Group without regard to piercing the corporate veil.

25.	Alternatively, upon information and belief, Cannafellas Group follows so few corporate formalities and is so dominated by Pampinella that it is merely an alter ego of Pampinella. Accordingly, FullSend is entitled to pierce the corporate veil of Cannafellas Group and hold Pampinella personally liable for the infringing activities of Cannafellas Group.

## JURISDICTION AND VENUE

26.	This action arises under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), deceptive trade practices pursuant to New York General Business Laws §§ 349 and 368(d), and related state and common law claims, due to Defendants' blatant infringement and copying of Plaintiff's trademark and packaging.

27.	Subject matter jurisdiction over the claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction), 15 U.S.C. § 1121(a) (trademark jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

28.	This court has personal jurisdiction over Defendants because Plaintiff conducts business in and derives substantial revenue in this State.

29. The exercise of personal jurisdiction comports with Defendants' right to due process, because they have purposefully availed itself of the privilege of conducting activities nationally, including within the Eastern District of New York, such that it should reasonably anticipate being hailed into court here.

30. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are residents of this District.

## BACKGROUND

31. Plaintiff sells products ("Products"), including gummies, bearing the trademark



(the "Asserted Mark").

32. Plaintiff sells the Products on the internet and through interstate commerce.

33. Plaintiff has spent considerable time, effort and resources to develop, market and protect its trademark.

34. Plaintiff sells the Products via third-party retailers and brick-and-mortar establishments.

35. Plaintiff sells to and through various wholesalers and authorized resellers.

36. Defendants have recently begun offering for sale the infringing products below (the "Infringing Product").





37. Defendants sales of the Infringing Product have been committed with intent to deceive consumers.

## COUNT I: INFRINGEMENT OF THE ASSERTED MARKS UNDER SECTION 43(a) OF THE LANHAM ACT

38. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

7

39. Defendants' actions, including but not limited to, their unauthorized sale of the Infringing Products and unauthorized use of the Asserted Mark, constitutes trademark infringement under Section 43(a) of the Lanham Act.

40. Plaintiff's Asserted Mark has acquired distinctiveness due to its extensive use in commerce.

41. Defendants' sales of the Infringing Products have damaged Plaintiff via lost sales, and has caused Plaintiff financial harm and loss of goodwill.

42. Plaintiff uses the Asserted Mark on Products in commerce.

43. Defendants use the Infringing Mark in commerce on various products.

44. Defendants' use of the Infringing Mark is likely to cause consumer confusion, mistake and/or deception as to the origination, sponsorship or approval of the Products.

45. Plaintiff has suffered and continues to suffer monetary damages, in an amount to be proven at trial.

46. Absent a declaration of infringement, Defendants will continue to infringe Plaintiff's Asserted Mark.

## COUNT II: COMMON LAW UNFAIR COMPETITION

47. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

48. Defendants' actions constitute unfair competition with Plaintiff's sales under the Asserted Mark.

49. Defendants' use of the Infringing Mark is without Plaintiff's authorization or consent.

50. Defendants' actions have damaged Plaintiff and will continue to damage Plaintiff absent a declaration of infringement.

### COUNT III: FALSE DESIGNATION OF ORIGIN

51. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

52. Defendants' Infringing Mark is so confusingly similar to the Asserted Mark such that it's use constitutes false designation of origin.

53. Defendants' use of the Infringing Mark is without Plaintiff's authorization or consent.

54. Defendants' actions have damaged Plaintiff and will continue to damage Plaintiff absent a declaration of infringement.

### COUNT IV: FALSE ADVERTISING

55. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

56. Through their website and social media, and on information and belief through advertisements, Defendants made statements that contained deceptive associations between Plaintiff's Asserted Mark and the Infringing Product.

57. Defendants' actions constitute false advertising.

58. Plaintiff has suffered, and will continue to suffer, irreparable harm from Defendants' conduct.

### COUNT V: PASSING OFF UNDER NEW YORK COMMON LAW

59. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

60. Plaintiff owns the Asserted Mark and uses the mark in commerce.

61. Defendants use, without permission, the Infringing Mark, in commerce.

62. Defendants' use of the Infringing Mark in commerce in connection with the sale of products is causing unfair competition.

63. Plaintiff has suffered and will continue to suffer irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

A. Ordering that Plaintiff is the prevailing party on all counts set forth above;

B. Awarding Plaintiff monetary and any other damages;

C. Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

D. Ordering that Defendants pay all fees, expenses, and costs associated with this action; and

E. Granting Plaintiff such further relief as this Court deems just and proper under the circumstances.

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

/s/ Andrew D. Bochner
Andrew D. Bochner, Esq.
Michael G. Gabriel, Esq.
**BOCHNER IP, PLLC**
295 Madison Avenue, 12th Floor
New York, New York 10017
(646) 971-0685
andrew@bochnerip.com

*Attorney(s) for Plaintiffs*