UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FULLSEND, INC.,

                              Plaintiff,

        -against-

CANNAFELLAS GROUP, INC.,
KASHICBD INC., SCOTT CICERONE,
and GIACOMO P AMPINELLA,

                              Defendants.
-------------------------------------------------------------------X

**ORDER**

22-cv-3741 (ENV) (JMW)

**A P P E A R A N C E S:**

Michael G. Gabriel, Esq.
Andrew Bochner, Esq.
**Bochner IP, PLLC**
295 Madison Avenue, 12th Floor
New York, New York 10017
*For Plaintiff*

James Anthony Wolff, Esq.
Zachary Scott Kaplan, Esq.
**Sacco & Fillas, LLP**
31-19 Newtown Avenue, 7th Fl.
Astoria, NY 11102
*For Defendants*

**WICKS,** Magistrate Judge:

      Plaintiff Fullsend, Inc. brought this case against Defendants (1) Cannafellas Group, Inc., (2) Kashicbd Inc., (3) Scott Cicerone, and (4) Giacomo Pampinella asserting eight causes of action related to, *inter alia,* trade dress and trademark infringement. (DE 1.) Before the Court is Defendants' counsel's unopposed motion by attorneys James Anthony Wolff and Zachary Scott of Kaplan.Sacco & Fillas, LLP ("Firm") to withdraw as counsel of record. (DE 27.) Also pending before the Court is Plaintiff's motion for default judgment (DE 26), which was referred

1

to the undersigned by the Honorable Eric N. Vitaliano for a report and recommendation. (Electronic order dated Jan. 30, 2023.)

For the reasons that follow, the Firm's motion to withdraw is **GRANTED** and Plaintiff's motion for default judgment is **DENIED,** without prejudice and with leave to refile consistent with this Order.

## BACKGROUND

On December 5, 2022, upon Plaintiff's request the Clerk of the Court entered certificates of default as to each of the Defendants after they failed to timely answer the Amended Complaint. (DE 24.) Three weeks later on December 28, 2022, through the Firm, Defendants filed a Verified Amended Answer with counterclaims against Plaintiff. (DE 25.) On January 6, 2023, Plaintiff filed its motion for default judgment. (DE 26.) The Court directed Plaintiff to supplement its motion for default judgment because it failed to provide the requisite information to determine the reasonableness of the requested attorneys' fees. (Electronic Order dated Jan. 10, 2023.) Plaintiff never supplemented the motion.

Despite filing a Verified Amended Answer shortly before the motion for default judgment was filed, Defendants did not file an opposition to the motion for default judgment. Ten days after the motion was filed, the Firm filed a motion to withdraw as counsel of record based upon a breakdown of communications with its clients. (DE 27). The Firm was directed to serve the motion papers on Defendants, and the Court set January 26, 2023 as the date for an opposition, if any, to be filed. (Electronic Order dated Jan. 18, 2023.) All proceedings were stayed pending decision on the motion to withdraw. The Firm filed an affidavit of service reflecting that Defendants were served. (DE 31.) No opposition was filed, and the motion was *sub judice* as of February 3, 2023.

2

The Court directed the parties, including the Defendants, to appear for an in-person oral argument on April 18, 2023 at 11:00 AM before the undersigned in Courtroom 1020 in the Central Islip Courthouse. (Electronic Order Dated Feb. 24, 2023.) The Firm filed an affidavit of service reflecting that Defendants were served with this Order. (DE 32.) Counsel for Defendants, James Anthony Wolff, appeared via Zoom because he inadvertently appeared in person in the Brooklyn Courthouse instead of the Central Islip Courthouse. (DE 35.) Defendants failed to appear as directed. (DE 35.) The parties' arguments were heard on the motion to withdraw, and discussion was held regarding the pending motion for default judgment. (DE 35.)

## DISCUSSION

A.  *Withdrawal*

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05 CV 1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)). District Courts are required to analyze the reasons for withdrawal and the impact of

the withdrawal on the timing of the proceeding. *Karimian v. Time Equities, Inc.*, No. 10-CV-3773(AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011); *see also Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 1:10-CV-2333(MEA), 2014 WL 1087934, at *3 (S.D.N.Y. Mar. 19, 2014) (courts also consider the impact of withdrawal on the progress of the action) (citations omitted).

The Firm seeks withdrawal from representing Defendants on the basis that there has been an irreconcilable breakdown in the attorney-client relationship between the Firm and Defendants involving a difference of opinion as to their legal defense as well as legal fees for the Firm's services. (DE 27.) The Firm further represents that it has since become abundantly clear to the Firm through e-mail and telephone communications that the Firm should no longer represent Defendants in this case given the breakdown in attorney-client relationship. (DE 28 at 1.)

"The New York Rules of Professional Conduct [NYRPC] govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted). NYRPC differentiates between mandatory (*see* NYRPC rule 1.16[b]) and permissive (*see* NYRPC rule 1.16[c]) bases for withdrawal.

The grounds proffered here, an uncooperative client and non-payment of fees, both fall within the permissive bucket (see NYRPC rules 1.16[c][5] and [7] ). These grounds are mirrored in the American Bar Association Code of Professional Responsibility ("Model Code"), which provides further guidance on permissive withdrawal of an attorney[1] (*see* Model Code 1.16[b][1] stating the same). Model Code 1.16[b][7] further provides for permissive withdrawal of an attorney when "other good cause for withdrawal exists." Both the Model Code and the NYRPC

---

[1] Courts in this Circuit look to the Model Code for guidance regarding professional conduct of the bar. *See Arifi v. de Transp. Du Cocher, Inc.*, 290 F. Supp. 2d 344, 348 (E.D.N.Y. 2003) (Glasser, J.).

4

lend guidance as to what grounds constitute good cause to grant such a motion. *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing among others *Joseph Brenner Assocs. v. Starmaker Ent., Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).

The Firm noted during oral argument that the Defendants pattern of non-communication has continued. From Defendants failure to respond to their counsel and Court orders, it is evident that there has been a breakdown of communication between the Firm and Defendants rendering it unreasonably difficult for the Firm to effectively carry out its representation. The motion is also unopposed by both Defendants and by opposing counsel. The Court finds that the Firm has demonstrated good cause to withdraw as counsel, and that such withdrawal can be accomplished without material adverse effect on the interests Defendants. Further, such withdrawal would not have a materially prejudicial impact on the progress of this action given the Defendants' current default status. Accordingly, the Firm has demonstrated satisfactory reasons for withdrawal. *Ruiz v. Keratin Bar Inc.*, No. 17-CV-2216 (VEC), 2020 WL 7079904, at *4 (S.D.N.Y. Dec. 3, 2020) (noting that good cause for withdrawal exists "where there are irreconcilable differences with respect to the proper course to be pursued in the litigation. . . or where the relationship between plaintiffs and their attorney has deteriorated to the point where further representation is inappropriate.").

Based upon the grant of the application to withdraw, the proceedings are stayed until June 9, 2023 to allow Defendants time and opportunity to retain new counsel. The two corporate entity Defendants are reminded that they cannot proceed *pro se*.[2] New counsel must file a

---

[2] It is well settled that a corporate entity cannot appear *pro se*. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); s*ee also Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *2 (E.D.N.Y. Dec. 4, 2006) (recognizing that a corporation may not proceed *pro se*, and upon grant of motion to withdraw, permitting time for entity to retain new counsel).

notice of appearance on or before May 19, 2023.  A Status Conference is set for June 9, 2023 at 12:30 PM before the undersigned via Zoom.

The Firm is directed to serve a copy of this Order and the Minute Order for the Oral Argument upon Defendants by overnight mail and email to last known physical and email addresses, and file proof of service on or before April 22, 2023.

### B. *Charging Lien*

The Firm notes that it is asserting a charging lien on any recovery by Defendants whether through settlement or judgment at trial.  (DE 27; DE 28 at 2.)  Attorneys who withdraw are still entitled to charging liens so long as they withdraw for "good cause."  *Ruiz*, 2020 WL 7079904, at *4.  It is within the sound discretion of the Court to defer ruling on the amount of the charging lien until the conclusion of the case. *See, e.g. Joffe v. King & Spalding LLP*, 337 F. Supp. 3d 366, 370 (S.D.N.Y. 2018), *aff'd sub nom. Joffe v. Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.*, 827 F. App'x 35 (2d Cir. 2020) ("The Court therefore exercises its discretion to defer ruling on the amount of the charging lien until the amount to be recovered by Plaintiff, if any, has been finally determined.").  Though the Firm asserts a charging lien, it has provided no information provided as to amount of fees owed, the retainer or any other basis to determine the lien amount at this juncture.  Accordingly, the Court denies without prejudice a ruling on the charging lien. *See Papadatos v. Home Depot U.S.A., Inc.*, No. 21-CV-3208 (WFK) (JMW), 2022 U.S. Dist. LEXIS 104245, *6 (E.D.N.Y. June, 2022) (same).

## C. *Default Judgment*

For the reasons stated on the record at the oral argument, Plaintiff's motion for default judgment (DE 26) is denied without prejudice and with leave to refile.[3] Plaintiff's counsel may renew the motion after Defendants have had the opportunity to retain new counsel, and to file an opposition, if any, to the motion. Plaintiff's counsel is reminded to supplement any renewed motion with information from which the Court may determine the reasonableness of its request for attorneys' fees consistent with the Court's Jan. 10, 2023 Order, and to ensure that the motion is correctly docketed when re-filed. *See Fontana v. Bowls & Salads Mexican Grill Inc.*, No. 19-CV-1587 (JMA) (ARL), 2022 WL 3362181, at *8 (E.D.N.Y. Feb. 3, 2022), *report and recommendation adopted*, 2022 WL 2389298 (E.D.N.Y. July 1, 2022) ("Plaintiff has failed to provide contemporaneous billing records for attorneys involved, or even a list of attorneys involved and their billing rates. Indeed, Plaintiff has failed to even state the amount requested. Accordingly, Plaintiff has failed to meet her burden of establishing the reasonableness of the fees requested . . . .").

---

[3] A denial of a motion for a default judgment, since not dispositve, may be determined by Order rather than Report and Recommendation. *See Zuniga v. Newmark Wood Working Grp. Inc.*, No. 20-CV-2464 (RPK) (VMS), 2022 WL 3446331, at *4 n.1 (E.D.N.Y. Aug. 17, 2022) (citing 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a)) ("Because this Court concludes that the motion for default judgment should be denied without prejudice and with leave to [refile], the disposition of this motion is not dispositive of any party's claim or defense. The Court thus proceeds by Order rather than by Report and Recommendation.").

## **CONCLUSION**

For the reasons stated, the Firm's motion to withdraw (DE 27) is granted and Sacco & Fillas, LLP is hereby terminated from this case. Plaintiff's motion for default judgment (DE 26) is denied without prejudice and with leave to refile. A status conference is schedule for June 9, 2023 at 12:30pm by Zoom.

Dated: Central Islip, New York
April 19, 2023

S O   O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge